No. 90-440

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF:

WENDELYN HOLMQUIST RUFF,

      Petitioner and Respondent,

  and

JOHNNY LANCE RUFF,

      Respondent and Appellant.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
                In and for the County of Gallatin,
                The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          John P. Atkins, Esq., Bryan & Atkins, Bozeman
          Montana

      For Respondent:

          Michael J. Lilly, Esq., Berg, Lilly, Stokes,
          Andriolo, Tollefsen & Schraudner, Bozeman, Montana

Submitted on Briefs: January 31, 1991

Decided: March 19, 1991

**FILED**

MAR 19 1991

Filed: *Ed Smith*
  CLERK OF SUPREME COURT
    STATE OF MONTANA

_____
          Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

This dissolution of marriage was entered in the District Court for the Eighteenth Judicial District, Gallatin County. The husband appeals from the property distribution. We affirm.

The issues are:

1. Did the District Court err by including in the parties' marital estate a 1979 mobile home, a 1986 Pontiac Grand Am automobile, and a 1977 Freuhauf flatbed trailer?

2. Did the court err in valuing the parties' portable hoist, known as a "cherry picker?"

3. Did the court err by failing to recognize all of the parties' marital debts?

4. Did the court err in computing the net worth of the marital estate and in the distribution thereof?

The parties were married in October of 1983 in Elko, Nevada. They have one minor child, a son born on May 12, 1986. The wife filed a petition for dissolution of marriage in August 1989. The parties stipulated that they would share joint custody of their son and the court adopted that stipulation in its judgment. Property division was not so smoothly resolved. There was considerable disagreement at the property division hearing not only about the division of the marital estate, but also about what property was included in the marital estate. At the time of hearing, the

husband was a self-employed truck driver earning $1,000 per month. The wife was a travel agent earning $650 per month.

In general, the District Court accepted the wife's testimony concerning the marital estate and debts. It awarded the wife a 1986 Grand Am automobile and a 1981 Toyota. It awarded husband a 1981 Jeep, a 1972 Freightliner, a 1977 Freuhauf flatbed trailer, a 1979 farm trailer, a "cherry picker," a 1979 mobile home, the parties' joint checking account, husband's individual checking account, a 1981 Honda, and a 1982 Magna Honda. It also ordered husband to pay liabilities to VISA, Sears, Glen Hargrove on a contract to buy the mobile home, and GMAC on a loan for the Grand Am, and to pay the wife $10,117. Husband appeals.

I

Did the District Court err by including in the parties' marital estate a 1979 mobile home, a 1986 Pontiac Grand Am automobile, and a 1977 Freuhauf flatbed trailer?

At trial, the husband presented his testimony, his father's testimony, and title certificates indicating that these three items belonged to the husband's father. Husband introduced into evidence a lease for the mobile home dated June 1, 1986, signed by himself and his father, and a lease for the Grand Am dated September 8, 1986, also signed by himself and his father.

In contrast, the wife testified that she and the husband had treated these three items of property as their own and that she had

3

never seen any of the title certificates or known about the lease agreements introduced into evidence by the husband. She introduced into evidence copies of cancelled checks by which she and husband had made payments directly to the lienholders on the mobile home and the Grand Am. Her evidence showed that husband and wife had also paid for licenses, taxes, and insurance on these items. Husband's father was not listed as an insured party on the insurance for the Grand Am. The wife also introduced into evidence records showing that husband and wife had taken income tax deductions for depreciation on the Freuhauf trailer and interest expenses on the Grand Am and the mobile home.

The court found that husband and wife are the "real owners" of this property and that "the vehicles and trailers were the property of the parties and were treated as such both in the practical sense and for income tax purposes." Although the court did not explain its reasoning, we conclude that it was correct, under a theory of resulting trust.

> A resulting trust occurs where, as a result of certain acts, a court finds that there is an implied intent to create a trust and imposes a trust to achieve an equitable result. Usually resulting trusts involve cases where the parties have used ambiguous language which the court construes as showing a trust intent, or where the parties have expressed no intent to create a trust by words, but have performed

acts from which the court infers that a trust was intended. [Citation omitted.]

Eckart v. Hubbard (1979), 184 Mont. 320, 326-27, 602 P.2d 988, 991.

Here, the parties acted for all intents and purposes as though title to these pieces of property was held by the husband and wife. The actions of the husband's father and of the husband and wife indicate that the husband's father was holding the property in trust for husband and wife.

We hold that substantial evidence supports the findings of the court that the 1979 mobile home, the 1986 Pontiac Grand Am automobile, and the 1977 Freuhauf flatbed trailer were part of the marital estate.

II

Did the court err in valuing the parties' portable hoist, known as a "cherry picker?"

Attached to the court's findings and conclusions is "Exhibit A," in which the court listed the marital assets. One item on that list is "1979 Farm Trailer (cherry picker)" valued at $7,000. It appears from the husband's testimony that these were actually two separate items. There was evidence that the trailer had a depreciated value of $6,514 and the cherry picker was worth $350. Our standard of review is whether the District Court acted arbitrarily or clearly abused its discretion so as to create substantial injustice. In re Marriage of Hockaday (1989), 237 Mont. 413, 418,

773 P.2d 1217, 1221. Because the combined value of these two items is so close to $7,000, we uphold the court's valuation.

## III

Did the court err by failing to recognize all of the parties' marital debts?

The husband argues that the debts owed to Glen Hargrove and GMAC are not marital debts. He also maintains that a number of the parties' debts were left out of the court's findings.

Because we have held that the mobile home and the Grand Am were properly included as marital assets, it follows that the Glen Hargrove and GMAC debts against them were properly included as marital debts. The debts which the husband argues should have been included were bills in husband's father's name. The court was correct in not including those as liabilities of the marital estate. Also, there was a $10,000 promissory note to husband's father, signed by husband alone and not wife. The wife testified that she had no knowledge of the $10,000 note. Obviously, the trial court did not believe the $10,000 note was legitimate. That was within its discretion as the assessor of credibility of witnesses. Marriage of Gerhart (Mont. 1990), 800 P.2d 698, 700, 47 St.Rep. 2106, 2108.

We hold that the District Court did not err in determining the parties' marital debts.

6

## IV

Did the court err in computing the net worth of the marital estate and in the distribution thereof?

This argument results from the arguments raised under the issues discussed above, as to which we have held for the wife on all counts. Under the court's distribution of the marital estate, the husband received property with a net value of $30,134 and the wife received property valued at $9,900. The court ordered the husband to pay the wife the sum of $10,117 in order to equitably divide the marital estate. We hold that this was within the court's discretion and does not constitute reversible error.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7